UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WAYNE SPENCER AND
RACHEL GRIFFIN,                                               Case No. 1:25-cv-01047

        Plaintiff,                                       Hon. Jane M. Beckering
                                          U.S. District Judge

    v.

BARUKH BENJAMIN ROHDE,  et al.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Wayne Spencer, a Michigan resident, filed this lawsuit against the following Defendants:    Barukh Benjamin Rhode, Rhodian Investments, Anthony McCalliser, Robert D. Levi, the Cincinnati Police Department, the Cheviot Police Department, the Hamilton County Sheriff's Department, the Cincinnati Firefighter Department, and an unknown party.   It appears that all the Defendants are from Ohio and "the property and events giving rise to this complaint occurred at 3367 Parkcrest Ln, Cincinnati, OH 45211."    (ECF No. 1, PageID.2.)

The name "Rachel Griffen" was handwritten into the caption of the typewritten complaint, indicating that Rachel Griffen is also a plaintiff.    Although Wayne Spencer has signed the complaint (*id.*, PageID.4), Rachel Griffen has not signed the complaint.

The complaint alleges that Spencer and Griffin entered into a lease agreement for property in Cincinnati, Ohio.   (*Id.*, PageID.2.)    The complaint alleges that Spencer and Griffin made rental payments but then learned that the property was

not "legally registered for rental occupancy."   (*Id.*)   Spencer and Griffin claim that

ongoing harassment, threats and unlawful surveillance have caused them financial

loss.   (*Id.*)

Plaintiff Spencer sues under "federal securities law, including the Securities

Act of 1933" and asserts other violations either under Ohio law or purportedly under

Ohio law.   (*Id.*, PageID.2-3.)

In the opinion of the undersigned, venue is not appropriate in this district

under 28 U.S.C. § 1391(b)(1).   Title 28, United States Code, Section 1391 provides in

part:

> **(a) Applicability of section.**--Except as otherwise provided by
> law--
>> **(1)** this section shall govern the venue of all civil actions
>> brought in district courts of the United States; and
>> **(2)** the proper venue for a civil action shall be determined
>> without regard to whether the action is local or transitory in
>> nature.
> **(b) Venue in general.**--A civil action may be brought in--
>> **(1)** a judicial district in which any defendant resides, if all
>> defendants are residents of the State in which the district is
>> located;
>> **(2)** a judicial district in which a substantial part of the
>> events or omissions giving rise to the claim occurred, or a
>> substantial part of property that is the subject of the action is
>> situated; or
>> **(3)** if there is no district in which an action may otherwise
>> be brought as provided in this section, any judicial district in
>> which any defendant is subject to the court's personal jurisdiction
>> with respect to such action.

Title 28, United States Code, Section 1391(b)(2) provides that venue may be

appropriate in the district where the claim occurred.   Plaintiff Spencer says that the

claim occurred in Ohio.   In the opinion of the undersigned, venue is not appropriate

in this district under 28 U.S.C. § 1391(b)(2).   Further, because it appears that Defendants all reside in Ohio, this Court lacks personal jurisdiction over Defendants and venue under 28 U.S.C. § 1391(b)(3) is inappropriate.

Based upon the allegations asserted in the complaint, Defendants are Ohio residents and the events giving rise to the cause of action occurred in Ohio.   Under 28 U.S.C. § 1391(b)(1), venue appears appropriate in Ohio.   As alleged in the complaint, venue does not lie in the U.S. District Court for Western District of Michigan.   Further, the undersigned has no reason to conclude that a federal district court in Ohio, where venue may be appropriate, would not fairly and impartially make rulings in this case.

For these reasons, it is respectfully recommended that the Court dismiss this case under 28 U.S.C. § 1406(a) because venue is improper in this district under 28 U.S.C. § 1391.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:    October 1, 2025                                    /s/ *Maarten Vermaat*
                                                                    MAARTEN VERMAAT
                                                                    U.S. MAGISTRATE JUDGE


3